NEW YORK RUBBER CO. v. GANDY BELTING CO. ET AL.

1. LIEN OBTAINED BY ATTACHMENT OF BOOKS OF ACCOUNT—STATUTORY REMEDY CUMULATIVE.

Under Sections of Revised Statutes 5524, 5539, 5540, a creditor who levies attachments upon books of account, thereby obtains a priority upon the credits contained in the books. In cases where the provisions of the statutes for appointing a receiver and notifying the debtors have been complied with, such proceedings are cumulative upon the right to proceed by garnishment against the debtors.

2. RECEIVER APPOINTED FOR ATTACHMENT DEBTOR, IS RECEIVER IN ATTACHMENT CASE.

Where subsequent to a levy of attachment the debtor corporation applies for and obtains a receiver to wind up its affairs, and the books of account taken in attachment, are turned over to the receiver of the corporation, under an

order to collect the accounts and bring the proceeds into court, the order is equivalent to appointing a receiver in the attachment case, and the attaching creditor may preserve his priority, and work out his rights through the receiver of the corporation.

3. Effect of Appraisers Failing to Inventory Value of Books.

The attaching creditor is not deprived of the benefits of his attachment, because the appraisers place no value opposite the same of the items in the inventory of property taken in attachment. Where books of account and other property are taken in attachment, and the sheriff's return shows no value placed upon the books, the attachment upon the books of account is not thereby invalidated.

Error to the Court of Common Pleas of Cuyahoga county.

Marvin, J. (Orally.)

There are two cases here, both growing out, however, of the same case in the court of common pleas, and so docketed here because two of the parties in that action filed separate petitions in error. One was filed by the New York Rubber company, and the other by the Gandy Belting company. The case, as shown by the findings of fact in the court below is that there was a corporation, the name of which was The E W Hull company. That corporation acted as a factor for various parties who consigned goods to it to be sold, and the various parties in this action, other than the E. W. Hull company, consigned goods to that company to be sold.

Among the parties who consigned goods in that way, are the New York Rubber company, The Gandy Belting company, The Boston Woven Hose and Rubber company, and others.

The New York Rubber company brought a suit against the E. W. Hull company, and obtained an order of attachment. On the 13th of August, 1894, the sheriff of Cuyahoga county seized and took possession, under such order of attachment, of the books of account of The E. W. Hull company, among other things. Said books of account were the regular books of account of the company, and contained the entries of charges of the E. W. Hull company against those to whom it had sold goods. The books of account were so taken by the sheriff prior to the appointment of the receiver in this case.

One of the questions to be determined here is, whether, by virtue of that levy of the order of attachment, the New York Rubber company obtained priority over the other creditors upon the credits of the E. W. Hull company, represented by the accounts in these books. The court of common pleas found that no priority was obtained. That is to say, the court found that by the proceedings in attachment and taking possession of the books of account by the officer executing the order of attachment, the credits of the company, contained in the books of account taken under the order of attachment, were not thereby subjected to the payment of the claim of the creditor causing the order of attachment to be issued; and that is one of the important questions in this case.

It is urged on the part of the defendant here, that the levy of an order of attachment upon books of account, does not bring under the control of the officer who levies such order such possession and control as that the attaching creditor gets a priority over the other creditors; but that such levy is invalid. It is said that the way, and the only way to obtain the benefit of attachment against accounts of the debtor, is by proceedings in the nature of garnishment.

Our attention is called to the various sections of the statute with reference to the proceedings in attachment. Section 5524 reads: ''The order of attachment shall be directed and delivered to the sheriff, and shall require him to attach the lands, tenements, credits, money and effects of the defendant, in his county, etc.''

Nothing is said in that section about books of account; but the rights and credits of the defendant in the proceeding in attachment are by that section authorized to be levied upon. It is said that that is not sufficient to authorize him to levy upon account books, and thereby hold the credits contained in the books.

Section 5539 provides that ''the court, or a judge thereof in vacation, may, on the application of the plaintiff, and good cause shown, appoint a receiver, who shall take oath, and give an undertaking, as provided in other cases.''

Then section 5540: ''The receiver shall take possession of all notes, due-bills, books of account, accounts, and all other evidences of debt that have been taken by the sheriff or other officer as the property of the defendant in attachment, and shall proceed to settle and collect the same, and for that purpose he may commence and maintain actions in his own name, as such receiver, but in such actions no right of defense shall be impaired or affected.''

Now, remembering that under section 5539 the court, or a judge thereof in vacation, may, on the application of the plaintiff, and on good cause shown, appoint a receiver of the things that have been taken possession of, and that that receiver is to take possession of all notes, due bills, books of account, accounts, and all other evidences of debt that have been taken by the sheriff or other officer, it seems to us it is hardly to be questioned that the sheriff may take possession of books of account, and thereby have in his care for the benefit of the attaching creditor, the credits that are represented by these books; no adjudication, so far as we have found, has been made in this state upon this subject, directly in point, except a case decided by the superior court of Cincinnati—*J. W. Finnell et al.* v. *A. G. Burt et al.*, 2d Handy, page 202, decided by Judge Gholson, afterwards one of the judges of the supreme court of the state, but at the time of this suit, of the superior court of Cincinnati; and in that case Judge Gholson distinctly held that the officer might take possession of the books, and thereby become the custodian of the credits which should inure to the benefit of the attaching creditor. I read the 10th clause of the syllabus:

''The right of a creditor, in proceeding under an order of attachment to seize evidences of indebtedness, and have them settled and collected through a receiver, is cumulative upon the right to proceed by garnishment against the debtors.''

Now, if Judge Gholson is right in that, and if we are right in saying, as we do say, that the right to attach these credits is cumulative upon the right of proceeding in garnishment, then one is not necessarily forced to have garnishee proceedings against the debtors of the debtor in the attachment proceeding in order to hold the claims for the benefit of the attaching creditor. In discussing the matter, Judge Gholson says, on page 217: ''It appears to be equally clear, that evidences of indebtedness may be taken under an order of attachment. This is shown by section 194, in connection with section 207 of the code.'' Section 194 is, I believe, in the exact words of section 5524, and section 207 is now 5540, ''but the code does not appear to have provided for a sale of mere evi-

dences of indebtedness, such as notes, due bills, and books of account. The object of taking them is pointed out in several sections, under the head of Disposition of Attached Property.''

There is a case cited to us in Missouri, found in the 17th Mo. Appeals, at page 693, *Assignee* v. *Samuel Bowman*, and there, under the statutes of Missouri, the court held that an attachment may be levied upon the books of account, under which the credits represented by such books could be held for the attaching creditor as against an assignee under a general assignment for the benefit of creditors. It is true that the statute of Missouri, which is quoted in this decision, provides that the officers shall levy upon the ''books of account,'' using those words in addition to the words used in our statute; but the sections in our statute to which attention has already been called, in regard to the disposition of attached property taken by the sheriff, includes books of account. Now, under section 5540, the receiver is to take possession of the evidences of debt that have been taken by the sheriff, and names, among others, ''books of account,'' which clearly implies that the sheriff is authorized to levy the order of attachment upon ''books of account;'' so that we think there was error on the part of the court of common pleas in holding that the order of attachment levied by the sheriff upon the books of the E. W. Hull company did not carry with it the credits of the company in the books upon which the levy was made. We hold that the New York Rubber company did obtain preference by reason of that attachment. But it is said that no receiver was appointed to dispose of this property as provided in section 5539. Now, this is what was done, and I read from the findings of fact:

''On the 14th day of August, 1894, the New York Rubber company, with the approval of the court, entered into the following agreement and stipulation in case No. 4958, which was the case brought by the New York Rubber company in which the attachment was issued: By the consent of both parties, the sheriff of this county is hereby ordered to deliver to Henry S. Davis, receiver of the defendant, The E. W. Hull company, all the chattel property now in the possession of said sheriff under order of attachment in this case, subject to further order of this court, determining the rights and priority of all parties interested in said property, or its proceeds, said receiver to keep a separate account of all money derived from the sale of said goods,'' etc.

It appears that subsequent to the bringing of the suit by the New York Rubber company in attachment, proceedings were commenced in the court of common pleas for the appointment of a receiver, to wind up the affairs of the E. W. Hull company, and it is in that case, that this proceeding in error is brought, but in the attachment case the order which I have just read is made, ''By the consent of both parties to the attachment case, the sheriff of the county is hereby ordered to deliver to Henry S. Davis, receiver of the defendant, The E. W. Hull company, all the chattel property now in the possession of said sheriff.''

Now, it is said that no receiver was appointed in the attachment case such as is provided by law, and therefore, if the New York Rubber company did obtain priority, it lost it by allowing the goods to pass from the sheriff to the receiver who had been appointed in this case. It seems to us that what was done was equivalent to appointing a receiver in the attachment case; that when the court ordered, by consent or otherwise, that all the property then in the hands of the sheriff should be taken possession of and passed over to Henry S. Davis, the person

5 C. C. 19

who was, it is true, receiver in another case; but by which order he was to receive this property was, we think, equivalent to appointing him a receiver in the attachment case. Davis was to take all the attached property in that case, and dispose of it. We do not think the benefit of this attachment is lost to the New York Rubber company by the fact that the property was passed from the sheriff, by the direction of the court, to the receiver who was appointed in this case.

The court found, as a matter of fact, that the only appraisal that was made under the attachment that was issued to the sheriff, is that shown by the inventory and the appraisement of the property that is filed here; and it is urged that since opposite the books of accounts, the journal, ledger, invoice book, stock book, check book, etc., no value was placed, that it is a failure to appraise the property; that it is such a failure of the carrying out of the duties of the officers is that the benefit is lost to the attaching creditor. Now, it is possible, and not at all perhaps improbable, that those who appraised it thought that the books themselves were of no value; and in any event they put no value to any of these books, but it would be hard to say that the creditor attaching should lose the benefit because in the inventory no value was placed opposite some of the items in that invoice of the goods taken in the attachment. We think it does not deprive the plaintiff, The New York Rubber company, of the benefit of the attachment because no value was placed upon the books.

The judgment of the court below is reversed for the error stated, and judgment will be entered in this court in accordance with this opinion.

*A. A. Stearns*, counsel for the New York Rubber Company.

*Dickey, Brewer & McGowan*, counsel for Gandy Belting Company et al.